NO. 07-11-00417-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
FEBRUARY 6, 2013
--------------------------------------------------------------------------------

 
 RICHARD SCOTT PURGASON, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 18TH DISTRICT COURT OF JOHNSON COUNTY;
 
 NO. F39678; HONORABLE JOHN E. NEILL, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 ORDER ON ABATEMENT AND REMAND
 
 Appellant, Richard Scott Purgason, appeals from a judgment convicting him of three counts of aggravated sexual assault of a child, and sentencing of 99 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. We abate and remand this appeal.
Appellant filed notice of appeal on September 19, 2011. By order of the Texas Supreme Court, this appeal was transferred from the Tenth District Court of Appeals to this Court on September 26, 2011. See Tex. Gov't Code Ann. § 73.001 (West 2005). The clerk's record was filed on October 14, 2011. This Court entered an order of abatement and remand of this appeal for the trial court to amend a defective certification of defendant's right of appeal on November 3, 2011. See Purgason v. State, No. 07-11-0417-CR, 2011 Tex.App. LEXIS 8807 (Tex.App. -- Amarillo Nov. 3, 2011) (order) (per curiam). The appeal was reinstated when a supplemental clerk's record containing a certification was received by this Court on November 30, 2011. The reporter's record in this case was filed on March 27, 2012.
Appellant's appointed counsel for appeal, W. Ty Wilson, filed a brief on behalf of appellant on June 1, 2012. The State filed its brief in response on June 21, 2012. On September 20, 2012, this Court received a letter from Mr. Wilson's office notifying the Court that Mr. Wilson died on September 13, 2012. Some confusion arose regarding whether another attorney had assumed responsibility for representing appellant. However, on January 31, 2013, this Court received a correspondence from Robert E. Luttrell III, notifying the Court that, while Mr. Luttrell had taken Mr. Wilson's files for holding purposes, he had not assumed the responsibility of representing any of the clients that had been previously represented by Mr. Wilson. Consequently, it appears that appellant is without representation on appeal at this time.
As such, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the judge of the trial court is directed to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) if appellant desires to prosecute this appeal and is indigent, whom should be appointed as appellate counsel; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellants appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court appoints new appellate counsel, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney. 
The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerks record; (3) cause any hearing proceedings to be transcribed and included in a supplemental reporters record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerks record or the supplemental reporters record; and (5) cause the records of any proceedings to be sent to this Court. See Tex. R. App. P. 34.5(c)(2), 38.8(b)(3). The supplemental clerks record and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent by the trial court so as to be received by the Clerk of this Court not later than March 11, 2013.

 Per Curiam. 
Do not publish.